UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-06855-AB-JPR | Date: | February 13, 2026 |
|---|---|---|---|

| Title: | *Marta Portillo v. General Motors LLC, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 14]**

Before the Court is Plaintiff Marta Portillo's ("Plaintiff") Motion to Remand. "Mot.," Dkt. No. 14. Defendant General Motors, LLC ("Defendant") filed an Opposition to the Motion ("Opp'n," Dkt. No. 16) and Plaintiff filed a timely Reply ("Reply," Dkt. No. 17). The Court found the matter appropriate for decision without oral argument and **VACATED** the October 3, 2025 hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiff's Motion is **GRANTED.**

## I.    BACKGROUND

On March 6, 2025, Plaintiff initiated this action by filing a Complaint in the Superior Court of California, County of Los Angeles in connection with Plaintiff's purchase of a 2020 Cadillac XT6 ("Subject Vehicle"). Mot. at 1. Plaintiff asserts causes of action under the California Song-Beverly Consumer Warranty Act ("Song-Beverly") and the federal Magnuson-Moss Warranty Act ("MMWA") and seeks actual damages, restitution, civil penalties pursuant to Song-Beverly, consequential and incidental damages, damages authorized by California Commercial Code §§

2711, 2712, and/or 2713, as well as reasonable costs, expenses, and attorneys' fees. Notice of Removal, Compl., Ex. A. at 2-6, Dkt. No. 1.

On June 23, 2025, pursuant to California Code of Civil Procedure § 871.26, Plaintiff provided a copy of the Subject Vehicle's Sales Agreement, which identified the total sales price of the vehicle at $50,304.96, the retail installment sales contract ("RISC"), and repair orders, among other documents. Mot. at 2. On July 22, 2025, the Plaintiff made a supplemental production providing a loan payment history. Opp'n at 6.

On July 25, 2025, Defendant filed a Notice of Removal with this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §1332 and removal jurisdiction under 28 U.S.C. §1441. Notice of Removal, at 2. Plaintiff filed the present Motion arguing that Defendant's removal was untimely and improper.

## II.    LEGAL STANDARD

### A.    Removal

Generally, a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states," 28 U.S.C. § 1332. Section 1332 jurisdiction requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus*, 980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

### B.    Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first thirty-day removal period is triggered. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))).

Where the initial pleading does not reveal a basis for removal, a defendant has thirty days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III.    DISCUSSION

Plaintiff argues removal is improper because it was untimely and because this Court does not have subject matter jurisdiction. The Court agrees with Plaintiff that removal was untimely. Despite removal on the basis of diversity jurisdiction, removal pursuant to federal question jurisdiction under the MMWA was clear after Plaintiff's June 23 disclosures. This Court finds that Defendant's removal was untimely and remands the action to California Superior Court.

### A. Plaintiff's Complaint Did Not Trigger the First Thirty-Day Removal Deadline Under § 1446(b).

Plaintiff contends the first thirty-day deadline under § 1446(b)(1) was triggered by the Complaint, which asserted a federal cause of action under the MMWA and provided the basis for federal question jurisdiction pursuant to 28 § 1331. Mot. at 4-5. However, federal courts only have jurisdiction over an MMWA claim if the amount in controversy for all claims is over $50,000. 15 U.S.C. § 2310(d)(3)(B). Thus, for the § 1446(b)(1) deadline to have been triggered by the Complaint, an amount-in-controversy of at least $50,000 should have been apparent from the face of the Complaint.

The Complaint fails to meet this standard. At no point does Plaintiff allege that the total amount in controversy is over $50,000. Plaintiff does not even include

boilerplate language claiming the amount in controversy is over $50,000. Instead, the Complaint includes only the Subject Vehicle's make, model, year, and VIN number. Plaintiff argues that, given Defendant's "sophisticated knowledge of the motor vehicle industry," Defendant should have been able to ascertain an approximation of the Subject Vehicle's market value. Mot. at 6. Plaintiff relies on *Dart Cherokee Basin Operating Co., LLC v. Owens* to argue the § 1446(b) deadline was triggered because removability was "plausible" at the time of the initial pleading. However, Plaintiff's reliance on *Dart Cherokee* is misplaced.

The *Dart Cherokee* standard is used to determine whether a defendant's removal is proper, not to assess whether the removability deadlines under § 1446(b) are triggered. *See Kuxhausen v. BMW Fin. Servs, NA LLC*, 707 F.3d 1136, 1141 n. 3 (9th Cir. 2013) ("[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin.") Instead, the Ninth Circuit has held that removability must be "unequivocally clear and certain" on the face of a pleading or other paper to trigger the § 1446(b) deadlines. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

The purpose of the "bright-line" rule is to "bring certainty and predictability" to removals and avoid "gamesmanship" in pleading. *Id*. The Ninth Circuit explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697. Accordingly, a defendant is not obligated to look beyond the "four corners" of the initial pleading or conduct any "further inquiry" to determine removability. *Id.* at 694. Even if Defendant could have determined the valuation of the Subject Vehicle, it was not required to do so.

Several other courts in this district have found similar complaints failed to trigger the first thirty-day period for removability. *See, e.g.*, *Mejia v. General Motors, LLC*, 2025 WL 2983127 at *3 (C.D. Cal. Oct. 22, 2025); *Roxanda Yancor et. al. v. General Motors, LLC*, 2025 WL 3533808 at *1 (C.D. Cal. Dec. 9, 2025). Thus, this Court concludes the first thirty-day deadline under § 1446(b) was not triggered because it was not clear from the face of the Complaint the action was removable.

**B. Plaintiff's Supplemental Information Provided on June 23, 2025 Triggered the Second Removal Deadline Under § 1446(b).**

Plaintiff contends that, even if the Complaint did not trigger the § 1446(b) thirty-day removal deadline, the June 23, 2025, supplemental productions triggered the second thirty-day removal deadline. This Court agrees with Plaintiff and, thus, finds Defendant's removal 32 days later untimely.

The second thirty-day removal period begins once an amended pleading, motion, order, or other paper makes the ground for removal "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1095. To trigger the second thirty-day removal period, Plaintiff need "only provide to the [D]efendant a document from which removability may be ascertained." *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). Therefore, the question is whether Plaintiff's supplemental production stating the Vehicle's purchase price made it 'unequivocally clear and certain' that the MMWA amount-in-controversy was satisfied. .

The MMWA amount-in-controversy is calculated based on *all* claims in the action, including the Song-Beverly claims. 15 U.S.C. § 2310(d)(3)(B). Under the Song-Beverly Act, plaintiffs are entitled to actual damages, defined as the actual price paid or payable by the buyer less the applicable statutory offsets, along with civil penalties calculated at up to two times the amount of actual damages. Cal. Civ. Code § 1794(c). Once Plaintiff disclosed to Defendant that the Subject Vehicle purchase price was $50,304.96, it was "unequivocally clear and certain" that removability was ascertainable.

Defendant, however, argues removability was not clear at the time of the supplemental disclosures since Plaintiff did not provide all figures needed to precisely calculate the statutory deductions from the actual damages. Even if Defendant was not able to calculate actual damages with precision, it was at least unequivocally clear the amount-in-controversy was satisfied. Plaintiff, who seeks actual damages and two times the actual damages in civil penalties, would, at a minimum, need to show actual damages at one third the $50,000 MMWA amount in controversy, or $16,667. Defendant should have known that a Subject Vehicle purchased for $50,304.96 would have yielded an actual damages calculation well over $16,667. Indeed, in the Notice of Removal, Defendant estimates actual damages to be approximately $44,476.29. Notice of Removal at 5. While Defendant is not required to "engage in guesswork" to determine the amount in controversy, Defendant is required "to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140. Had Defendant done so upon receipt of the purchase price on June 23, it would have been clear that the amount in controversy was satisfied.

Defendant also argues that damages were not ascertainable because the June 23 disclosures did "not specify which formula under the Commercial Code should apply," "state the relevant market value Plaintiff will argue for purposes of damages formula under [California Commercial Code] section 2712 and 2713," or provide details on "the amount Plaintiff actually paid on the financing agreement." Opp'n at 5. While these values would have been necessary to calculate the damages under the MMWA claims, it is irrelevant as the damages under the Song-Beverly claims were sufficient to meet the amount in controversy.

This Court finds that Plaintiff's June 23 disclosures served as an "other paper" under § 1446(b)(3), triggering the second thirty-day removal period. Once Plaintiff provided the Subject Vehicle purchase price in her June 23 disclosures, Defendant need not have conducted any further investigation to determine that removal was proper. Defendant should have known the matter was removable. The Court finds Defendant's removal was untimely and remands the action to the Superior Court of California.

### C. The Court declines to award attorneys' fees.

Plaintiff finally requests the Court exercise its discretion to award attorneys' fees incurred as a result of the removal. Mot. at 8-9. A court may only order fees and costs when the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). While remand is appropriate in this case, Defendant's arguments were not so unreasonable to support an award of attorneys' fees and costs. The Court declines to award attorneys' fees in this matter.

## IV.    CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's request for attorneys' fees and costs.

**IT IS SO ORDERED**.